IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ZORRI N. RUSH                                                                            PLAINTIFF

V.                                             CIVIL ACTION NO. 1:18-CV-184-SA-RP

MOUNTAIN LAUREL ASSURANCE COMPANY                         DEFENDANT

ORDER

The Plaintiff filed his original Complaint [2] in Circuit Court of Webster County, Mississippi on August 16, 2018. The Plaintiff then removed his case to this Court on September 26, 2018. On November 7, 2018, the Court entered an Order to Remand [19] to the Circuit Court of Webster County, Mississippi for improper removal. Now before the Court is the Plaintiff's Motion for Reconsideration [21].

Generally, motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure. *Templet v. HydroChem, Inc.,* 367 F. 3d 473, 478 (5th Cir. 2004). The court has "considerable discretion" in deciding whether to grant a motion for reconsideration. *See Edward H. Bohlin Co. v. Banning Co.,* 6 F. 3d 350, 355 (5th Cir. 1993). However, granting a motion for reconsideration "is an extraordinary remedy and should be used sparingly." *In re Pequeno,* 240 F. Appx. 634, 636 (5th Cir. 2007) (*quoting Templet v. HydroChem, Inc.,* 367 F. 3d at 477).[1] Accordingly, its purpose "is not to re-debate the merits of a particular motion." *W.C. Bulley v. Fidelity Financial Servs. Of Miss., Inc.,* No. 3:00-CV-522–BN, 2000 WL 1349184, at *3 (S.D. Miss. Sept. 8, 2000). Indeed, "[i]f a party is allowed to address a court's reasons as to why a motion was or was not granted, it would render the entire briefing process irrelevant and lead to endless motions to reconsider." *Id.*

---

[1] A motion to reconsider is not "intended to give an unhappy litigant one additional chance to sway the judge." *McDonald v. Entergy Operations, Inc.,* No. 5:03-CV-241-BN, 2005 WL 1528611, at *1 (S.D. Miss. May 31, 2005) (citations omitted).

There are only three grounds for which this court may grant a motion for reconsideration: "(1) the need to correct a manifest error in law or fact, (2) the movant uncovered new evidence that was reasonably unknown prior to the entry of the judgment or order in question, or (3) an intervening change in controlling law occurred." *Prewitt v. Mississippi State University*, No. 1:06-CV-338-LG, 2012 WL 5207887, * 1 (N.D. Miss. Oct. 22, 2012). If one of these three grounds is not present, the court must deny the motion. *Id.* at *3. As Petitioner has failed to demonstrate any of these grounds, the motion must be denied. For all of the same reasons fully explained above, the Plaintiff's Motion to Reopen Case [22], Motion to Proceed in forma pauperis [23], and Motion to Dismiss [25] are also denied.

It is SO ORDERED, on this the 5th day of June, 2019.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE